UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RONNIE LEE JOHNSON, JR. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:09-cv-42 |
| | ) | *Chief Judge Curtis L. Collier* |
| MARION COUNTY SHERIFF RONNIE | ) | |
| "BO" BURNETTE; MARION COUNTY JAIL | ) | |
| ADMINISTRATOR  TAMMY MCAPLIN, | ) | |
| JAIL AND MEDICAL STAFF; MARION | ) | |
| COUNTY SHERIFF'S DEPARTMENT; | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM

Plaintiff Ronnie Lee Johnson, Jr. ("Johnson") filed a *pro se* prisoner's civil rights complaint

pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Marion County Jail (Court Doc. 3).

Johnson subsequently notified the Court that he had been transferred to the Charles Bass

Correctional Complex in Nashville Tennessee.  On June 22, 2009, an Order was issued and mailed

to Johnson at the Charles Bass Correctional Complex.  The Order was returned to the Court because

the prison could not locate Johnson (Court File No. 7).  Although, an attempted was made to deliver

the Order to Johnson, the envelope reflects the inmate was unknown.  In addition, the envelope

indicates the inmate identification number is needed. The Clerk attempted to obtain an inmate

number for Johnson but an employee at Charles Bass Correctional Complex notified her that

Johnson was transferred on or about June 15, 2009.   Even though Johnson was forewarned that

failure to notify the Court of any address change within ten days following the change, would result

in the dismissal of this action, he has failed to notify the Court of his current address (Court File No. 3, p. 5).

Because Johnson has not notified the Court of a current address, it appears that he does not wish to pursue this action. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. Johnson's failure to notify the Court of his current address, and the Court's interest in managing the docket, weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Johnson's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2